## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DARNELL BEY,                                  )
                                              )
    Plaintiff,                             )
                                              )
    v.                                     )          No. 4:23-CV-1715 RLW
                                              )
CITIBANK, N.A.,                               )
                                              )
    Defendant.                             )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the application of self-represented plaintiff Darnell Bey for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. For the reasons explained below, the Court will direct plaintiff to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On December 22, 2023, plaintiff filed this action on a civil complaint form against defendant Citibank, N.A. for a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"). ECF No. 1. In pertinent part, Plaintiff's complaint alleges the following:

> 7. In July of 2023, Plaintiff granted a collateral security to Defendant.
> 8. Plaintiff was denied access to his security by the Defendant
> 9. Plaintiff tendered claim of his title as the equitable beneficial title holder of the collateral security, instructions for the security, and a security valued at $489.00.
> 10. Defendant breach its fiduciary when it did not perform the instructions of the Equitable beneficial title holder.
> 11. Defendant breach of its fiduciary duty has violated 15 USC 1691 by Defendant's using information from a 3rd party to discriminate against or deny the Plaintiff access to his credit, and dishonoring the instructions of the Equitable beneficial title holder.
> 12. According to 15 USC 1691 It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, [including but not limited to] the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the

2

capacity to contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under Consumer Law.

ECF No. 1-4.

For relief, plaintiff seeks "actual damages" in the amount of $16,114.01, which represents the "amount of cash used since application was tendered to Citibank." He also requests punitive damages.

**Discussion**

Because plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined the complaint is deficient and subject to dismissal. Rather than dismissing, however, the Court will give plaintiff the opportunity to file an amended complaint.

As relevant to this case, the ECOA provides:

It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction –

(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
(2) because all or part of the applicant's income derives from any public assistance program; or
(3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a). "A 'creditor' is defined in the ECOA as 'any person who regularly extends, renews, or continues credit,' including any person who 'arranges for' or 'participates' in such credit decisions." *Johnson v. Perdue*, 862 F.3d 712, 717 (8th Cir. 2017) (quoting 15 U.S.C. § 1691a(e)). The statute applies to those applying for "credit," which "means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

"To establish a prima facie claim for discrimination under the ECOA, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan, (3) the loan was rejected despite his qualifications, and (4) the bank continued to approve loans for applicants with similar qualifications." *Christian v. Com. Bank N.A.*, No. 4:14-CV-201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank*, 289 F.3d 533, 535 (8th Cir. 2002)).

Here, plaintiff's allegations are vague and conclusory. He states he gave a "collateral security" to defendant but was later "denied access" to a "security valued at $489.00" because defendant used "information from a 3rd party to discriminate against or deny the plaintiff access to his credit" in violation of the ECOA. Plaintiff does not identify which of the characteristics under 15 U.S.C. § 1691(a) was allegedly used by defendant to discriminate against him. The complaint does not provide facts to support that plaintiff is a member of a protected class, was qualified for the credit sought, and was treated differently compared to other debtors in a similar position. While the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). At this point, plaintiff mainly alleges legal and unsupported conclusions.

Because plaintiff is a self-represented litigant, the Court will provide him with an opportunity to file an amended complaint that follows the instructions set forth below.

### Amendment Instructions

Plaintiff must type or neatly print his amended complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and sign it.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). **Plaintiff's amended complaint must identify the particular basis for defendant's alleged discriminatory animus. Conclusory allegations that defendant violated the ECOA is not enough.** "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). The Court emphasizes that to state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty

days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form by **February 5, 2024**, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint by **February 5, 2024**, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>4th</u> day of January, 2024.